**Frederick E. JOHNSON,**
**Plaintiff–Appellant,**

Henry G. Ray, et al., Plaintiffs,

v.

Arthur TATE, et al., Defendants–
Appellees.

No. 02–3291.

United States Court of Appeals,
Sixth Circuit.

June 24, 2003.

Before: DAUGHTREY and ROGERS,
Circuit Judges; and QUIST, District
Judge.*

*ORDER*

Frederick E. Johnson appeals a district
court order that denied his motion to dis-
miss without prejudice his earlier motion
for relief from judgment filed pursuant to
Fed.R.Civ.P. 60(b) in this civil rights action

filed under 42 U.S.C. § 1983. This case
has been referred to a panel of the court
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Johnson and two fellow inmates former-
ly confined in the Southern Ohio Correc-
tional Facility (SOCF) filed a prisoner civil
rights action in 1993. In 1997, the parties
consented to disposition of the case by a
magistrate judge, and a default judgment
was entered against the remaining defen-
dants. The case was dismissed with preju-
dice later in 1997 pursuant to a settlement
agreement under which plaintiffs and their
court appointed attorney received total
consideration of $22,000, the Ohio Depart-
ment of Rehabilitation and Correction
agreed not to transfer plaintiffs to the
SOCF "unless their security classification,
in combination with a lack of suitable space
at other institutions, necessitates such
transfer," and the defendants did not ad-
mit any of the allegations of plaintiffs'
complaint as amended.

In 2000, Johnson filed a motion to recon-
sider the dismissal or to reopen the case in
which he alleged that the settlement
agreement was breached when he was
transferred to SOCF. Defendants respond-
ed to the motion, and Johnson filed a
reply. On March 9, 2001, the magistrate
judge denied Johnson's motion. In Octo-
ber 2001, Johnson filed a Fed.R.Civ.P.
60(b) motion to set aside the judgment
alleging that he did not receive the magis-
trate judge's March 9, 2001, order. The
magistrate judge denied the motion on
January 28, 2002. On February 12, 2002,
plaintiff filed a motion to voluntarily dis-
miss his recently denied motion to set

---

* The Honorable Gordon J. Quist, United States
District Judge for the Western District of

Michigan, sitting by designation.

aside judgment. The magistrate judge denied the motion on February 21, 2002, and Johnson filed a timely notice of appeal. This court has determined that appellate jurisdiction is limited to issues regarding the magistrate judge's February 21, 2002, order. *Johnson v. Tate*, No. 02–3291 (6th Cir. Feb. 4, 2003) (unpublished).

On appeal, plaintiff contends that: (1) his transfer to the SOCF was improper and violates the parties' 1997 settlement agreement; (2) he did not receive the magistrate judge's March 9, 2001, order denying his motion to set aside judgment; and (3) the magistrate judge's February 21, 2002, order permits him to appeal these rulings. Defendants respond that the magistrate judge properly denied plaintiff's motion to voluntarily dismiss his motion to set aside judgment. Upon consideration, we affirm the order for the reasons stated by the magistrate judge in the February 21, 2002, order.

As noted, this court has determined that appellate jurisdiction is limited to issues regarding the magistrate judge's February 21, 2002, order. *Id.* In that order, the magistrate judge denied plaintiff's motion to voluntarily dismiss without prejudice his Fed.R.Civ.P. 60(b) motion to set aside judgment that the magistrate judge earlier had denied. Because the court had addressed and rejected the merits of plaintiff's Fed.R.Civ.P. 60(b) motion, the magistrate judge properly denied plaintiff's motion to voluntarily withdraw the motion. No other issues are before this court on appeal.

For the foregoing reasons, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.